# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

RUBBY JAMES GRAY                                                                           PLAINTIFF

v.                                        3:17cv00293-BSM-JJV

K. BLACK, RN/LPN; *et al.*                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite A149
>  Little Rock, AR 72201-3325

## **DISPOSITION**

## I. INTRODUCTION

Rubby James Gray ("Plaintiff") is incarcerated at the Craighead County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He alleges Defendants have not been sufficiently responsive to his requests for medical treatment. (*Id*. at 3-4.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff states he told Defendant H. Hogan, a nurse, that he was experiencing bleeding with bowel movements and requested Preparation H along with a prostate exam. (Doc. No. 1 at 3-4.) He was given hemorrhoid ointment the following day, but it did not work. (*Id*. at 4.) A few days later, he asked Defendant K. Black, also a nurse, for Preparation H. (*Id*.) Defendant Black informed Plaintiff the ointment he had been given was an off brand of the same medication. (*Id*.) Plaintiff states he was never examined by Defendant Black or Defendant Arte Bentley, a doctor, which constitutes "malpractice or medical negligence." (*Id*.)

I realize Mr. Gray feels wronged. But Plaintiff's allegations simply do not amount to a constitutional deprivation. A prisoner advancing an Eighth Amendment claim of inadequate medical care must allege, at a minimum, "deliberate indifference" to his

"serious" medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *see also Davis v. Hall*, 992 F.2d 151, 152-53 (8th Cir. 1993) (per curiam) (same standard for pretrial detainees proceeding under the Due Process Clause). Even assuming Plaintiff's hemorrhoids constituted a serious medical need, he has not alleged Defendants were deliberately indifferent to his medical issue. On the contrary, Defendants promptly provided the medication Plaintiff requested. The fact that they provided an off brand rather than the name brand falls far short of demonstrating deliberate indifference.

As for Plaintiff's allegation that Defendants never examined his hemorrhoids or his prostate, he claims this constituted malpractice or negligence. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. Moreover, Plaintiff himself implies an examination was unnecessary. In seeking medical treatment, he identified his own solution, asking specifically for Preparation H and stating he had used it before "about this same problem." (Doc. No. 1 at 4.)

For these reasons, Plaintiff has failed to state a claim upon which relief may be granted.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 16th day of November, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."